UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| MAMBU FULGHAM, | ) |
| Plaintiff, | ) |
| v. | ) 17-CV-3124 |
| KATHY ASHCRAFT, et al. | ) |
| Defendants. | ) |

**MERIT REVIEW OPINION**

**SUE E. MYERSCOUGH, U.S. District Judge.**

Plaintiff proceeds pro se from his incarceration in Western Illinois Correctional Center. His Complaint is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. This section requires the Court to identify cognizable claims stated by the Complaint or dismiss claims that are not cognizable.[1] In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor and taking Plaintiff's pro se status into account. Turley v. Rednour, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient.

---

[1] A prisoner who has had three prior actions dismissed for failure to state a claim or as frivolous or malicious can no longer proceed in forma pauperis unless the prisoner is under "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Enough facts must be provided to "'state a claim for relief that is plausible on its face.'"  Alexander v. U.S., 721 F.3d 418, 422 (7th Cir. 2013)(quoted cite omitted).

Plaintiff alleges that he has glaucoma and is legally blind. Defendants allegedly have refused his requests for accommodations under the Americans with Disabilities Act, including assistance with writing grievances and correspondence, reading correspondence, slow walk and eating passes, and a legally blind permit.  Plaintiff also alleges that at times he has not received his eye medication, causing the pressure in his eyes to build up and "leaving Plaintiff in pain for days on end."  In addition to damages, he asks to be sent to Lincoln Correctional Center where he appears to believe he will receive the necessary accommodations for his eye condition.

Plaintiff states a claim under the American with Disabilities Act and a claim under the Eighth Amendment for deliberate indifference to his serious medical needs.  The claim under the American Disabilities Act (ADA) is construed also as a claim under the Rehabilitation Act (RA).  The ADA/RA claim may not proceed against individual employees, Jaros v. Illinois Dept. of Corrections,

684 F.3d 667, 670 (7th Cir. 2012), so the Illinois Department of Corrections and Western Illinois Correctional Center will be added as Defendants on this claim. Wexford Health Sources, Inc., will remain as a Defendant on the ADA/RA claim at this point, though the claim may ultimately not be legally viable.

Plaintiff names Governor Bruce Rauner and IDOC Director James Baldwin as Defendants, but no plausible inference arises from the current allegations that they were personally responsible for the alleged deliberate indifference to Plaintiff's eye condition. Their alleged failure to take action after receiving Plaintiff's letters is not enough to confer personal responsibility. Soderbeck v. Burnett County, 752 F.2d 285, 293 (7th Cir. 1985)("Failure to take corrective action cannot in and of itself violate section 1983. Otherwise the action of an inferior officer would automatically be attributed up the line to his highest superior . . . .").

**IT IS THEREFORE ORDERED:**

1) Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the Court finds that Plaintiff states claims under the Americans with Disabilities Act and the Rehabilitation Act (ADA/RA) and an Eighth Amendment claim for deliberate

684 F.3d 667, 670 (7th Cir. 2012), so the Illinois Department of Corrections and Western Illinois Correctional Center will be added as Defendants on this claim. Wexford Health Sources, Inc., will remain as a Defendant on the ADA/RA claim at this point, though the claim may ultimately not be legally viable.

Plaintiff names Governor Bruce Rauner and IDOC Director James Baldwin as Defendants, but no plausible inference arises from the current allegations that they were personally responsible for the alleged deliberate indifference to Plaintiff's eye condition. Their alleged failure to take action after receiving Plaintiff's letters is not enough to confer personal responsibility. Soderbeck v. Burnett County, 752 F.2d 285, 293 (7th Cir. 1985)("Failure to take corrective action cannot in and of itself violate section 1983. Otherwise the action of an inferior officer would automatically be attributed up the line to his highest superior . . . .").

**IT IS THEREFORE ORDERED:**

1) Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the Court finds that Plaintiff states claims under the Americans with Disabilities Act and the Rehabilitation Act (ADA/RA) and an Eighth Amendment claim for deliberate

indifference to his serious medical needs regarding his eyes. The ADA/RA claim proceeds against Western Illinois Correctional Center, the Illinois Department of Corrections, and Wexford Health Sources, Inc. The Eighth Amendment claim proceeds against Defendants Kathy Ashcraft, Warden Watson, Wexford Health Sources, Inc., and Chrissy Smith. This case proceeds solely on the claims identified in this paragraph. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2) The Illinois Department of Corrections and Western Illinois Correctional Center are added as Defendants.

3) Defendants Governor Bruce Rauner and IDOC Director John Baldwin are dismissed without prejudice.

4) This case is now in the process of service. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, in order to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be

denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

5) The Court will attempt service on Defendants by mailing each Defendant a waiver of service. Defendants have 60 days from the date the waiver is sent to file an Answer. If Defendants have not filed Answers or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of service. After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.

6) With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

7) Defendants shall file an answer within 60 days of the date the waiver is sent by the Clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under

the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Opinion. In general, an answer sets forth Defendants' positions. The Court does not rule on the merits of those positions unless and until a motion is filed by Defendants. Therefore, no response to the answer is necessary or will be considered.

8) This District uses electronic filing, which means that, after Defense counsel has filed an appearance, Defense counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk. Plaintiff does not need to mail to Defense counsel copies of motions and other papers that Plaintiff has filed with the Clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the Clerk. Plaintiff must mail his discovery requests and responses directly to Defendants' counsel. Discovery requests or responses sent to the Clerk will be returned unfiled, unless they are attached to and the subject of a motion to compel. Discovery does not begin until Defense counsel has filed an appearance and the Court has entered a scheduling order, which will explain the discovery process in more detail.

9) Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the deposition.

10) Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

11) If a Defendants fails to sign and return a waiver of service to the clerk within 30 days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshal's service on that Defendant and will require that Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

12) Within 10 days of receiving from Defendants' counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to Defendants' counsel.

**13) The clerk is directed to add the Illinois Department of Corrections and Western Illinois Correctional Center as Defendants.**

**14)** The clerk is directed to terminate Defendants Governor Bruce Rauner and IDOC Director John Baldwin.

15) **The clerk is directed to enter the standard order granting Plaintiff's in forma pauperis petition and assessing an initial partial filing fee, if not already done, and to attempt service on Defendants pursuant to the standard procedures.**

16) **The Clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

ENTERED:  May 30, 2017

FOR THE COURT:

                                 **s/Sue E. Myerscough**
                                   SUE E. MYERSCOUGH
                                 UNITED STATES DISTRICT JUDGE