E-FILED
Monday, 30 March, 2020 12:40:36 PM
Clerk, U.S. District Court, ILCD

AMH/CL PL.18105

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**SPRINGFIELD DIVISION**

| | |
|---|---|
| MAMBU FULGHAM,<br><br>Plaintiff,<br>v.<br><br>KATHY ASHCRAFT; WEXFORD HEALTH SOURCES, INC.; CHRISSY SMITH; ILLINOIS DEPARTMENT OF CORRECTIONS; SCOTT THOMPSON; DR. NED. B. HUBBARD; and EMILY STRAUB; SUSETTE FLESNER; CINDY THOMPSON; HEATHER SPANGLER; KATHY RINER; CATE FESSLER; TAMMY ZULAUF; SHERRI MCCORMICK; MARY PATTON; TERESA STILL; DIANE FEIGL; ESTHER SHOEMACKER<br><br>Defendants. | Court No. 17-cv-03124-SEM-TSH<br><br>Judge Sue E. Myerscough<br>Magistrate Judge Tom Schanzle-Haskins |

**PLAINTIFF'S THIRD AMENDED COMPLAINT AT LAW**

NOW COMES the Plaintiff, MAMBU FULGHAM (hereinafter "Mr. Fulgham"), by and through his attorneys Alison M. Harrington and Carrie Linden of Best, Vanderlaan & Harrington and hereby brings this Third Amended Complaint against the following defendants: Kathy Ashcraft, Wexford Health Sources, Chrissy Smith, Scott Thompson, and Dr. Ned B. Hubbard, and EMILY STRAUB; SUSETTE FLESNER; CINDY THOMPSON; HEATHER SPANGLER; KATHY RINER; CATE FESSLER; TAMMY ZULAUF; SHERRI MCCORMICK; MARY PATTON; TERESA STILL; DIANE FEIGL; ESTHER SHOEMACKER.

Pursuant to 42 U.S.C. § 1983, this is a civil action for monetary damages and injunctive relief arising out of Defendants' deliberate indifference toward Mr. Fulgham's chronic medical condition while in Defendants' care and custody under color of state law as an inmate at Western Illinois Correctional Center ("WICC") and subsequently Pickneyville Correctional Center ("Pickneyville"). Specifically, Defendants' continuous failures to respond in a timely and effective manner to Mr. Fulgham's repeated requests for effective medical treatment have resulted in Mr. Fulgham's unnecessary and unreasonable pain and suffering in violation of his rights under the

Eighth Amendment to the Federal Constitution, incorporated to the States by the Fourteenth Amendment to the same.

## JURISDICTION AND VENUE

1. This case arises under the Eighth and Fourteenth Amendments to the Federal Constitution and, as a civil suit to redress the deprivation of rights under color of state law, is expressly authorized by 42 U.S.C. § 1983. Accordingly, this Court has jurisdiction over Counts I and II pursuant to 28 U.S.C. §§ 1331 and 1343.

2. This Court has supplemental jurisdiction over Count III and IV pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this Court under 28 U.S.C. § 1391(b) because a substantial part of the events that give rise to Mr. Fulgham's claims took place within the Central District of Illinois.

## PARTIES

4. At all times complained of Mr. Fulgham was an inmate in the custody of the Illinois Department of Corrections ("IDOC") at Western. His identification number is Y-10213. On or about January 28, 2016, Mr. Fulgham was transferred to Pickneyville.

5. On information and belief, Dr. Ned. B. Hubbard, at all times relevant to the allegations against him, served as a physician at the Illinois Department of Corrections. Based on information and belief, at all relevant times he was employed by Defendant Wexford. He is named in his individual and official capacities.

6. On information and belief, Defendant Kathy Ashcraft, at all times relevant to the allegations against her, served as the ADA Coordinator at the Illinois Department of Corrections. She is named in her individual and official capacities.

7. On information and belief, Chrissy Smith, at all times relevant to the allegations against her, served as a nurse practitioner at the Illinois Department of Corrections. On information and belief, Defendant is currently employed by Defendant Wexford. She is named in her individual and official capacities.

8. On information and belief, Warden Scott Thompson is the current Acting Warden of Pickneyville Correctional Facility at all times complained of. He is named in his official capacity.

9. Defendant ILLINOIS DEPARTMENT OF CORRECTIONS ("IDOC") at all times relevant to the allegations in this Third Amended Complaint directed against this defendant, was and is an agency of the State of Illinois. Defendant IDOC maintains a primary place of business in Sangamon County, Illinois within the venue of this Court's Springfield Division.

10. On information and belief, Defendant Wexford is a Florida corporation with its principal place of business in Pennsylvania. On information and belief, at all times relevant to the allegations against it, Defendant Wexford has had a contract with the State of Illinois to provide health care services to inmates in the Illinois Department of Corrections, including at the Western Illinois and Pickneyville facility. On information and belief, Defendant Wexford has a policy or custom of ignoring prisoners' serious medical issues and not referring prisoners to specialists for consultations in treatment, in the interest of cost-cutting, and of paying bonuses to staff that keep costs down in regards to specialty medical care.

11. On information and belief Defendants, EMILY STRAUB; SUSETTE FLESNER; CINDY THOMPSON; HEATHER SPANGLER; KATHY RINER; CATE FESSLER; TAMMY ZULAUF; SHERRI MCCORMICK; MARY PATTON; TERESA STILL; DIANE FEIGL; ESTHER SHOEMACKER at all times relevant to the allegations against her, served as a nurses

at the Illinois Department of Corrections. Based on information and belief, at all relevant times they were employed by Defendant Wexford. They are named in their individual and official capacities.

**STATEMENT OF FACTS**

12. Prior to being incarcerated, in or around 2009, Mr. Fulgham suffered an injury to his right eye which resulted in low vision to the eye. The instant suit pertains to his left eye.

13. On or about December 22, 2015, when the Mr. Fulgham was incarcerated at WICC, he presented for sick call. At the time his eyes were noted to be normal on exam.

14. On or about February 18, 2016, Mr. Fulgham complained of hitting his head and walking up the next day after lunch being unable to see the TV. He reported being unable to see figures.

15. On or about March 1, 2016, Mr. Fulgham presented to the Wexford Health Source staff and reported that he continuing to have difficulty seeing. Despite this complaint, he was not schedule to see Dr. Hubbard until March 7, 2016.

16. On or about March 7, 2016, a Wexford physician, Dr. Hubbard diagnosed Mr. Fulgham with glaucoma and ordered that Mr. Fulgham was to obtain eye drops twice a day.

17. Defendant IDOC and Wexford, through its agents and/or employees at WICC, including Defendant Smith, regulate the administration and prescription of eye drops such as those prescribed by Dr. Hubbard.

18. That the Defendants, nurses EMILY STRAUB; SUSETTE FLESNER; CINDY THOMPSON; HEATHER SPANGLER; KATHY RINER; CATE FESSLER; TAMMY ZULAUF; SHERRI MCCORMICK; MARY PATTON; TERESA STILL; DIANE FEIGL;

ESTHER SHOEMACKER at all times relevant were to administer the medications to Mr. Fulgham and as prescribed by Dr. Hubbard.

19. Dr. Hubbard specifically ordered that the nurses, which necessarily would have included Defendant Smith, and Defendants, EMILY STRAUB; SUSETTE FLESNER; CINDY THOMPSON; HEATHER SPANGLER; KATHY RINER; CATE FESSLER; TAMMY ZULAUF; SHERRI MCCORMICK; MARY PATTON; TERESA STILL; DIANE FEIGL; ESTHER SHOEMACKER were to provide eye drops twice a day. Fulgham did not receive his first eye drop until March 10, 2016. From March 10, 2016 through April 19, 2016, he normally received eye drops once a day and received no drops on March 12, 2016, March 26, 2016, April 6, 2016, and April 11, 2016. There were only five days were he successfully received his drops twice a day.

20. As a result, from March 7, 2016 through April 19, 2016 Mr. Fulgham was not receiving the necessary prescription medications as by the IDOC and Wexford agents and/or employees as recommended by Dr. Hubbard.

21. From April 20, 2016 through May 11, 2016 by either not administering the medicine, administering it once a day or on occasion administering it twice a day.

22. As a result, from April 20, 2016 through May 11, 2016, Mr. Fulgham was not receiving the necessary prescription medications as by the IDOC and Wexford agents and/or employees as recommended by Dr. Hubbard.

23. On May 12, 2016, a decision was made by the nursing staff, contrary to Dr. Hubbard's orders, to provide Fulgham the medicine to administer himself.

24. On May 12, 106, it was known by Defendant IDOC and Wexford, through its agents and/or employees at WICC that Fulgham suffered from low vision in the right eye.

25. Once it was decided that Fulgham was to provide drops himself, Fulgham had difficulty administering the drops himself, as documented in his medical records. Fulgham also went through eye drops quickly due to low vision, as documented in his medical records. Despite this, Defendant IDOC and Wexford, through its agents and/or employees at WICC refused to provide him with supplemental eye drops prescribed by Dr. Hubbard.

26. On September 26, 2016, Fulgham's glaucoma progressed to a point where he was diagnosed to be legally blind.

27. Additionally, it was recommended that Mr. Fulgham obtain special ADA accommodations, which were known or should have been known by the Defendant Kathy Ashcraft and were not being properly provided.

28. Mr. Fulgham was at the mercy of Defendants' care from December 22, 2015 to the present, with permanent blindness and recurring pain to show for it. Had his access to proper treatment been provided in a timely fashion, the continuing unconstitutional harm he now experiences could have been avoided.

**COUNT I**
**Violations of the Eighth Amendment to the Federal Constitution for Inadequate Access to Medical Care**
**(Against Defendants Ashcraft, Smith, Thompson, Hubbard, EMILY STRAUB; SUSETTE FLESNER; CINDY THOMPSON; HEATHER SPANGLER; KATHY RINER; CATE FESSLER; TAMMY ZULAUF; SHERRI MCCORMICK; MARY PATTON; TERESA STILL; DIANE FEIGL; ESTHER SHOEMACKER.)**

29. Mr. Fulgham repeats and realleges Paragraph 1-28 of this Second Amended Complaint as if set forth at length herein.

30. Pursuant to the Eighth Amendment and 42 U.S.C. § 1983, Mr. Fulgham has a right to access adequate medical care.

31. Defendants have deprived Mr. Fulgham of access to adequate medical care in violation of his rights.

32. From the date that Mr. Fulgham first requested a sick call (February 18, 2016), and to the present, Defendants have delayed or denied Mr. Fulgham's access to appropriate treatment and/or appropriate medication(s).

33. Defendants knew or should have known that delaying or denying Mr. Fulgham's access to these treatments presented a substantial risk of serious harm to his health as well as pain and discomfort.

34. By denying and/or delaying Mr. Fulgham's access to these treatments, Defendants, all acting under color of state law, showed deliberate indifference to Mr. Fulgham's unabating condition, prolonging his pain and suffering and exacerbating his injuries, all in violation of the Eighth Amendment and the Fourteenth Amendment.

## COUNT II
## Violations of the Eighth Amendment to the Federal Constitution for Inadequate Access to Medical Care
## (Against Defendant Wexford and Illinois Department of Corrections)

35. Mr. Fulgham repeats and realleges Paragraph 1-28 of this Second Amended Complaint as if set forth at length herein.

36. Wexford and the Illinois Department of Corrections are liable to Mr. Fulgham because they each maintain an unconstitutional policy and adopt a custom of deliberate indifference to the known or obvious consequences of its practices.

37. Wexford and the Illinois Department of Corrections support a policy that sanctions the maintenance of prison conditions that infringe upon the constitutional rights of prisoners. This corporate policy is the moving force behind the constitutional violations outlined above.

38. This policy has resulted in Mr. Fulgham not receiving appropriate medical treatment for his eye and which may have saved him from permanent vision loss.

39. This policy includes intentionally not providing prompt treatment even though Mr. Fulgham had already been approved for the procedure

40. Although Wexford and the Illinois Department of Corrections has an obligation to provide Mr. Fulgham medical care, its unwillingness to promptly proper administration of eye drops resulted in immediate savings enjoyed by Wexford and the Illinois Department of Corrections at the expense of Mr. Fulgham's eyesight and his ongoing pain.

41. Wexford and the Illinois Department of Correction's unconstitutional policies and customs foster an environment of deliberate indifference for which Mr. Fulgham has paid a price disproportionate to his sentence in violation of the Eighth and Fourteenth Amendments.

**COUNT III**
**Intentional Infliction of Emotional Distress**
**(Against All Defendants)**

42. Mr. Fulgham repeats and realleges Paragraph 1-28 of this Second Amended Complaint as if set forth at length herein.

43. Defendants have deprived Mr. Fulgham of access to adequate medical care, and have demonstrated a pattern of such conduct over the course of several years.

44. In so doing, Defendants deliberately caused Mr. Fulgham to fear for his health, wellbeing, and life.

45. Such conduct by Defendants was extreme and outrageous.

46. On information and belief, Defendants intended to inflict emotional distress on Mr. Fulgham when engaging in this conduct, or knew that there was a high probability that their conduct would cause emotional distress.

47. The Defendants' conduct caused Mr. Fulgham to suffer severe emotional distress that no reasonable person could be expected to endure.

48. The Defendants' conduct was willful, wanton, malicious, and in reckless disregard of Mr. Fulgham rights.

49. Additionally, based on information and belief, Defendants Kathy Ashcraft, Chrissy Smith, Dr. Ned B. Hubbard, EMILY STRAUB; SUSETTE FLESNER; CINDY THOMPSON; HEATHER SPANGLER; KATHY RINER; CATE FESSLER; TAMMY ZULAUF; SHERRI MCCORMICK; MARY PATTON; TERESA STILL; DIANE FEIGL; and ESTHER SHOEMACKER acted within the scope of their employment by Defendant Wexford. Defendant Wexford is thus liable under the doctrine of *respondeat superior* for its authorization and ratification of the tortious acts committed by its employees, Defendants Kathy Ashcraft, Chrissy Smith, Dr. Ned B. Hubbard, EMILY STRAUB; SUSETTE FLESNER; CINDY THOMPSON; HEATHER SPANGLER; KATHY RINER; CATE FESSLER; TAMMY ZULAUF; SHERRI MCCORMICK; MARY PATTON; TERESA STILL; DIANE FEIGL; ESTHER SHOEMACKER.

50. Mr. Fulgham has been harmed as a result of the conduct of Defendants Kathy Ashcraft, Wexford Health Sources, Chrissy Smith, Scott Thompson, Dr. Ned B. Hubbard, EMILY STRAUB; SUSETTE FLESNER; CINDY THOMPSON; HEATHER SPANGLER; KATHY RINER; CATE FESSLER; TAMMY ZULAUF; SHERRI MCCORMICK; MARY PATTON; TERESA STILL; DIANE FEIGL; and ESTHER SHOEMACKER.

**JURY DEMAND**

Mr. Fulgham demands a trial by jury.

**REQUEST FOR RELIEF**

WHEREFORE, Mr. Fulgham respectfully requests that this Court enter judgment against Defendants for violating his constitutional rights under the Eighth and Fourteenth Amendments to

the Federal Constitution and for the intentional infliction of his emotional distress, and award the following relief:

a. Compensatory damages to compensate Mr. Fulgham for his pain and suffering in an amount to be determined at trial, jointly and severally against Defendants Kathy Ashcraft, Wexford Health Sources, Chrissy Smith, Illinois Department of Corrections, Scott Thompson, Dr. Ned B. Hubbard, EMILY STRAUB; SUSETTE FLESNER; CINDY THOMPSON; HEATHER SPANGLER; KATHY RINER; CATE FESSLER; TAMMY ZULAUF; SHERRI MCCORMICK; MARY PATTON; TERESA STILL; DIANE FEIGL; and ESTHER SHOEMACKER;

b. Punitive damages in an amount to be determined at trial, jointly and severally against Defendants Kathy Ashcraft, Wexford Health Sources, Illinois Department of Corrections, Chrissy Smith, Scott Thompson, Dr. Ned B. Hubbard, EMILY STRAUB; SUSETTE FLESNER; CINDY THOMPSON; HEATHER SPANGLER; KATHY RINER; CATE FESSLER; TAMMY ZULAUF; SHERRI MCCORMICK; MARY PATTON; TERESA STILL; DIANE FEIGL; and ESTHER SHOEMACKER;

c. An award of costs and reasonable attorneys' fees pursuant to 42 U.S.C. § 1988; and

d. Any other relief that this Courts deems proper.

**MAMBU FULGHAM**

By: _/s/ Carrie Linden________________
One of his attorneys

Alison M. Harrington #6243081
Carrie Linden #6280477
**Best, Vanderlaan & Harrington**
25 E. Washington St.
Suite 800
Chicago, IL 60602
(630) 752-8000
(630) 752-8763 (Fax)

E-Service accepted only at eservice@bestfirm.com

## CERTIFICATE OF SERVICE

I, the undersigned, state that I caused copies of the foregoing to be served, with enclosures referred to thereon, if any, by **Operation of the Court's electronic filing system** to the attorneys

of record at the addresses of record from 25 E. Washington St., Suite 800, Chicago, IL prior to 5:00 p.m. on March 30, 2020.

_/s/ Carrie Linden_________________

LAV/DNK/EMK PL.18210

Re: Fulgham v. Ashcraft
Court No.:
BVH File: PL.18105

**ATTORNEY SERVICE LIST**

Chauncy Graham
Office of the Attorney General
cgraham@atg.state.il.us
500 South Second Street
Springfield, IL 62706
(217) 557-0261
Attorney for Defendants
Illinois Department of Corrections, Kathy Ashcraft and Cameron Watson

Brent J. Colbert
Cassiday Schade LLP
bcolbert@cassiday.com
111 North 6th St., 2nd Fl.
Springfield, IL 62701
(217) 572-1714
Attorney for Defendants
Chrissy Smith and Wexford Health Sources, Inc

David A. Herman
Giffin, Winning, Cohen & Bodewes, P.C.
1 W. Old State Capital Plaza, Ste. 600
P.O. Box 2117
Springfield, IL 62705
(217) 525-1571
Attorney for Defendant
Ned Hubbard